IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT BONDICK**,

    Plaintiff,

v.

**MAILYNN MITCHELL SANCHEZ** and **OREGON MEDICAL BOARD**,

    Defendants.

Civ. No. 6:22-cv-00722-AA

**OPINION AND ORDER**

---

AIKEN, District Judge:

    Plaintiff Robert Bondick seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff alleges libel and malpractice against Defendant Oregon Medical Board ("the Board") and Defendant Dr. Mailynn Mitchell Sanchez ("Dr. Mitchell Sanchez"). For the reasons set forth below, Plaintiff's Complaint, ECF No. 1, DISMISSED with leave to amend; Plaintiff's Motion for the Appointment of Pro Bono Counsel, ECF No. 3, is DENIED with leave to refile; the Board's Motion to Dismiss, ECF No. 11, is GRANTED and the Board is DISMISSED from this case with prejudice; and Plaintiff's Motion for Remand, ECF No. 16 is DENIED.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff brings state law claims against Defendants for malpractice and libel. Plaintiff's Complaint, ECF No. 1, consists of a single paragraph in which Plaintiff alleges that he "obtained medical records containing libel allegations." Compl. at 1. Plaintiff alleges that he asked Dr. Mitchell Sanchez to amend his medical record to "have [the] allegation removed" and that Dr. Mitchell Sanches "plainly refused." *Id*. Plaintiff asked the Board to review Dr. Mitchell Sanchez's decision and the Board "simply obliged the matter." *Id*. In his prayer for relief, Plaintiff seeks monetary damages in the amount of $8,400.00 in pain and suffering, $84,000.00 in punitive damages, and $8,316.00 in interest.

The Board filed a Motion to Dismiss ("MTD"), ECF No. 11, contending that it is entitled to immunity from suit under the Eleventh Amendment. MTD at 2.

Plaintiff responded, adding a legal claim and offering additional facts, ECF No. 13 ("Resp."). First, Plaintiff argues that if Defendants are entitled to Eleventh Amendment immunity, they are nevertheless liable under the Health Care Quality Improvement Act of 1986 ("the HCQIA"), 42 U.S.C. §§ 11101–11152 (1988). Resp. at 2. Plaintiff asserts that under HCQIA, a "Board review body is no longer afforded immunity from damages." *Id*. He explains that the Board reviewed Dr. Mitchell Sanchez's decision not to amend Plaintiff's medical file, and that the Board concluded that Dr. Mitchell Sanchez did not violate Oregon law. *Id*. Plaintiff further states that the Board explained to Plaintiff that he could request Dr. Mitchell Sanchez to "add a note" to his patient file stating that Plaintiff disagrees with details in his

medical record, but that Dr. Mitchell Sanchez has not added the note. *Id.*

Plaintiff asks the Court for leave to amend his Complaint to add a claim under the HCQIA and to seek as relief a the Court's declaration that Defendants must fully amend the medical record to remove the "libelous statements" or append a note demonstrating Plaintiff's disagreement to the statements. *Id.*

Plaintiff also filed a Motion for Remand, ECF No. 16, requesting "permission to remand this case," explaining that "[c]ause is justified for remanding as plaintiff has to save enough money for each defendant to be served." ECF No. 16 at 1.

Defendants replied to Plaintiff's Response arguing that HCQIA does not provide a private right of action and asserting that Plaintiff should not have leave to amend because any amendment would be futile and would not cure the defects in Plaintiff's Complaint. ECF No. 18 at 2. Defendants also responded to Plaintiff's Motion to Remand, arguing that the Court cannot remand this case because there is nowhere for the case to be remanded to—it was filed in this Court. ECF No. 19 at 1 (citing *Azodi v. TEPL, Inc.,* Case No. 12cv3069-IEG (BGS), 2013 WL 3751869, *2 (S.D. Cal. July 15, 2013) ("[F]ederal courts do not have the authority to remand an action originally commenced in federal court…to a state tribunal[.]").

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I. Eleventh Amendment Immunity

A threshold issue in this case is whether all or some of Defendants are immune from suit under the Eleventh Amendment.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S. Const. amend. XI. Under the Eleventh Amendment, a state is immune from suit in federal court unless (1) Congress has abrogated the state's immunity or (2) the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011). This grant of immunity covers not just the state itself, but also the state's agencies. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993). The Ninth Circuit has found that a medical board is a "state agency." *See Forster v. Cty. of Santa Barbara,* 896 F.2d 1146, 1149 (9th Cir. 1990).

### A. *The Board*

Neither the Complaint nor Plaintiff's Response identifies an abrogation of state sovereign immunity. The State of Oregon and its agencies have not consented to be sued in federal court or otherwise waived its immunity. *Delong Corp v. Oregon State Hwy. Comm'n*, 343 F.2d 911, 912 (9th Cir), *cert denied*, 382 U.S. 877 (1965). Thus, Plaintiff "cannot sue the State of Oregon or any of its agencies, including the Oregon Medical Board, in this court." *Ogle v. Yates*, No. 3:12-CV-571-ST, 2012 WL 2529210, at *2 (D. Or. Apr. 6, 2012), *report and recommendation adopted*, No. 3:12-CV-00571-BR, 2012 WL 2609344 (D. Or. June 28, 2012), *aff'd*, 576 F. App'x 679 (9th Cir. 2014).

Further, the Oregon Legislature has expressly provided members of the Board, members of its administrative and investigative staff, medical consultants, and its attorneys acting as prosecutors or counsel with the same immunity from civil proceedings arising out of their official actions as prosecuting and judicial officers of the state. ORS § 677.335(1).

The members of the Board are specifically mentioned in the statute and entitled to immunity for official actions. Plaintiff's allegations arise out of the Board's review of Dr. Mitchell Sanchez's medical decisions, and thus clearly relate to the Board's official actions. Consequently, the Board is entitled to immunity under the Eleventh Amendment and as such, the Board is DISMISSED from this case with prejudice.

### B. *Dr. Mitchell Sanchez*

Dr. Mitchell Sanchez is alleged to be a physician at PeaceHealth in Eugene. Compl. at 1. It does not appear from the Complaint that Dr. Mitchell Sanchez is an agent of the state. Accordingly, Plaintiff's claims against Dr. Mitchell Sanchez are not barred by the Eleventh Amendment.

## II.   Failure to State a Claim

For Plaintiff's remaining claims against Dr. Mitchell Sanchez, the Court has authority to screen Plaintiff's Complaint for deficiencies prior to granting him leave to proceed IFP. 28 U.S.C. § 1915(e)(2)(B). The Court finds that Plaintiff has failed to state a plausible claim for relief for malpractice, libel, or his purported claim under the

### A.   *Malpractice*

In Oregon, the elements of a claim for medical malpractice are: (1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) harm that is measurable in damages; and (4) a causal link between the breach and the harm. *Zehr v. Haugen*, 318 Or. 647, 653–54 (1994). To demonstrate "harm," Plaintiff must allege that he has suffered an adverse medical outcome. *Martineau v. McKenzie-Willamette Med. Ctr.*, 320 Or. App. 534, 554 (2022).

Here, Plaintiff has failed to include a "short and plain statement of the claim" that "contain[s] sufficient factual matter" to show how Dr. Mitchell Sanchez is liable for malpractice. *See Iqbal*, 556 U.S. at 678. Plaintiff must plausibly allege facts demonstrating that Dr. Mitchell Sanchez owed Plaintiff a medical duty and that she breached that duty. Plaintiff also must show that he was harmed by Dr. Mitchell's

breach of that duty.  Plaintiff appears to combine his claim for libel and malpractice.  That is insufficient.  Plaintiff must set forth separate claims for relief demonstrating what Dr. Mitchell Sanchez did that was wrong and how Plaintiff was harmed.  Plaintiff is granted leave to amend his Complaint to do so.

    **B.**    ***Libel***

Libel is defamation by written or printed words.  *Neumann v. Liles*, 358 Or. 706, 712 (2016).  To state a claim for libel, a plaintiff must allege facts sufficient to establish that the defendant (1) published to a third person (2) a defamatory statement about the plaintiff.  *Mouktabis v. M. A.*, 315 Or. App. 22, 23 (2021).  To be actionable, a communication must be both false and defamatory.  *Reesman v. Highfill,* 327 Or. 597, 603, 965 P.2d 1030, 1034 (1998).  A defamatory statement is one that would subject the plaintiff "to hatred, contempt or ridicule * * * [or] tend to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the plaintiff]." *Farnsworth v. Hyde*, 266 Or. 236, 238, 512 P.2d 1003 (1973) (internal quotation marks omitted).

Here, Plaintiff has not pled facts establishing that Dr. Sanchez Mitchell wrote false or defamatory information about Plaintiff.  Plaintiff has not alleged what was written, nor has he explained how any purportedly false information in his medical record subjected him to hatred, contempt or ridicule.  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to

'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

Plaintiff has failed to state a claim for relief for libel against Dr. Mitchell Sanchez. However, Plaintiff shall have leave to amend his Complaint according to the Court's above discussion.

### C.  *Claim under the HCQIA*

The HCQIA was enacted in 1986 to improve the quality of medical care by restricting the ability of physicians who have been found to be incompetent from repeating malpractice by moving from state to state without discovery of such finding. *See* 42 U.S.C. § 11101 (congressional findings). The HCQIA establishes a national reporting system to follow doctors when they move from state to state and provides immunity from damages for persons participating in professional review activities. *Id*. Congress found it necessary to provide qualified immunity from damages actions for hospitals, doctors, and others who participate in the professional review process. Thus, 42 U.S.C. § 11101 provides that persons participating in professional review activities that meet the standards outlined in 42 U.S.C. § 11112, 'shall not be liable in damages under any law of the United States or any State' with respect to the person's participation in such activities."

Plaintiff appears to contend that the HCQIA waives immunity from suit the medical Board for its review of Plaintiff's complaint against Dr. Mitchell Sanchez. First, it does not appear from Plaintiff's Response that the HCQIA applies to the facts in this case. Second, even if it did apply, it does not stand for what Plaintiff asserts—that is, it does not waive immunity from suit—it *protects* doctors engaged in a peer review process from suit. Third, it does not appear to the Court that this claim could possibly apply where Dr. Mitchell Sanchez has not engaged in any sort of review process established by HCQIA.

Nevertheless, Plaintiff shall have leave to amend his Complaint to explain his legal theory. In doing so, Plaintiff must plead facts that allow the Court to draw the reasonable inference that Dr. Mitchell Sanchez is liable for misconduct under HCQIA. In amending, Plaintiff should bear in mind that the court is not required to accept legal conclusions, unsupported by alleged facts, as true.

### III. Motion to Remand

Plaintiff moves to remand this case. ECF No. 16. Remanding a case means, essentially, to send the case back the state court where it was originally filed. But Plaintiff filed this case in federal court. The Supreme Court has held that federal tribunals lack authority to remand to the state court system an action initiated in federal court. *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 428 (2010). Accordingly, Plaintiff's Motion to Remand is DENIED.

## CONCLUSION

For the reasons explained, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have 30 days from the date of this Order to submit an amended Complaint or the case will be dismissed with prejudice. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED with leave to refile. Plaintiff has shown ample ability to represent his interests in this case, but if that changes, he may later renew his request. Defendant Medical Board's Motion to Dismiss, ECF No. 11 is GRANTED.

IT IS SO ORDERED.

Dated this 30th day of January 2023.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge