IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ROBERT BONDICK**,

    Plaintiff,

v.

**MAILYNN MITCHELL SANCHEZ** and **OREGON MEDICAL BOARD**,

    Defendants.

Civ. No. 6:22-cv-00722-AA

**OPINION AND ORDER**

---

AIKEN, District Judge:

    Plaintiff Robert Bondick alleges libel and malpractice against Defendant Dr. Mailynn Mitchell Sanchez. Before the Court is Defendant's Motion for Summary Judgment, ECF No. 25. For the reasons explained, Defendant's Motion for Summary Judgment, ECF No. 25, is GRANTED. Plaintiff's Motion to Compel Discovery, ECF No. 33, is DENIED. Because Dr. Mailynn is the last remaining Defendant, the case is CLOSED and Judgment shall be entered accordingly.

## BACKGROUND

    Plaintiff brings state-law claim for libel against Defendant. Plaintiff's First Amended Complaint ("SAC"), ECF No. 21, alleges that his medical record "contained

Page 1 – OPINION AND ORDER

potentially damaging allegations that were discussed in the privacy of the hospitals' examine room." SAC at 1. Plaintiff states that Defendant, who was at one point Plaintiff's physician, noted in his medical record that he "lost his section VIII housing for punching someone which he says he didn't do." *Id*. Based on that alleged notation, Plaintiff asserts that Defendant is liable to him for libel under Oregon law, because the statement was defamatory, known to be false, and published to a third party. *Id*. at 2. The third party is "present and future doctors." Plaintiff states that his reputation suffered damage because it will be seen by all present and future doctors and paints him in a "false light." *Id*. at 3-4. Plaintiff also states that he has a right to amend his own medical record under 45 CFR 164.526(a)(1). Last, Plaintiff asserts that Defendant "disregarded" Health Insurance Portability and Accountability Act ("HIPPA") by not keeping separate his psychotherapy records from medical records. *Id*. at 3.

Defendant moves to dismiss Plaintiff's libel claim because (1) the alleged notation in Plaintiff's medical record is not defamatory as a matter of law and (2) Plaintiff's claim is time-barred. Defendant also asserts that, to the extent Plaintiff claims that she violated provisions of HIPAA, there is no private right of action and Defendant's motion should be granted. Defendant requests judicial notice of the medical note and messages exchanged between Plaintiff and Defendant. *See* Pearson Decl., ¶ 4; Ex. 1 at 2. The Court takes notice of that exhibit.

## LEGAL STANDARD

Fed. R. Civ. P. 56 provides for summary judgment when the court determines, after viewing the evidence in a light most favorable to the party opposing the motion,

that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (citing *Swayze v. United States*, 785 F.2d 715, 717 (9th Cir. 1986)). The party opposing the summary judgment motion may not rest on conclusory allegations but must demonstrate through probative evidence that a genuine issue of fact exists for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989). Summary judgment should be granted where the evidence is such that it "'would require a directed verdict for the moving party.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (quoting *Sartor v. Ark. Gas Corp.*, 321 U.S. 620, 624 (1944)). The underlying substantive law governing the claims determines whether it is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (2000).

The moving party – Defendant here – has the initial burden of pointing out the lack of any genuine issue of material fact, after which the non-moving party, to avoid summary judgment, must produce evidence sufficient to meet a burden of production on any issue on which he would bear the ultimate burden of persuasion at trial. *Celotex*, 477 U.S. at 322-26 (setting out federal summary judgment framework). The burden is on plaintiff to come forward with evidence demonstrating the existence of a material fact for trial. Finally, being *pro se*, the Court liberally construes Plaintiff's arguments.

## DISCUSSION

I.  **Elements of Libel Claim**

Libel is defamation by written or printed words. *Neumann v. Liles*, 358 Or. 706, 712 (2016). To state a claim for libel, a plaintiff must allege facts sufficient to establish that the defendant (1) published to a third person (2) a defamatory statement about the plaintiff. *Mouktabis v. M. A.*, 315 Or. App. 22, 23 (2021). To be actionable, a communication must be both false and defamatory. *Reesman v. Highfill,* 327 Or. 597, 603, 965 P.2d 1030, 1034 (1998). A defamatory statement is one that would subject the plaintiff "to hatred, contempt or ridicule * * * [or] tend to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the plaintiff]." *Farnsworth v. Hyde*, 266 Or. 236, 238, 512 P.2d 1003 (1973) (internal quotation marks omitted).

II. **Statute of Limitations**

Actions for libel or slander must be commenced within one year. ORS 12.120(2). The statement at issue was made in the chart note for a medical appointment Plaintiff had with Defendant about three and a half years ago on October 14, 2019. Plaintiff argues that he learned about it later. The Court construes Plaintiff's argument to be that the statute of limitations either did not accrue until after the Oregon Medical Board rejected his claim or that it was tolled during the time that the Oregon Medical Board was considering his claim. *See* Plf.'s Resp. at 7. ECF No. 30.

Plaintiff does not offer any legal authority that supports his argument that the statute of limitations was tolled during the time the Oregon Medical Board was

Page 4 – OPINION AND ORDER

reviewing his claim, and the Court is unaware of any authority. To the extent Plaintiff was intending to argue that his claim is saved by equitable tolling, the argument also lacks merit. Because defamation is a state-law claim, federal courts look to Oregon law for the rules about tolling, including equitable tolling and equitable estoppel. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002).

Equitable tolling is used rarely in Oregon and is only available where circumstances outside the control of the plaintiff make it impossible to comply with the applicable statute of limitations. *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2013 WL 865967, at * 6 (D. Or. January 2, 2013), *adopted as modified by* 2013 WL 865973 (D. Or. March 7, 2013) (citing *Rodriguez v. Williams*, No. 8-290-ST), 2010 WL 1542092, at *3 (D. Or. February 25, 2010).

The statute of limitations for defamation actions is one year from the date of the statement, or where the statement is made in a confidential setting, when the plaintiff discovered or should have discovered the statement. ORS 12.120; *White v. Gurnsey*, 48 Or. App. 931, 935-937, 618 P.2d 975 (1980). There is no dispute that Plaintiff knew about the allegedly defamatory statement by September 28, 2020, more than a year before filing this lawsuit. That he waited until the Oregon Medical Board rejected his claim does not save his claim.

### III.  Merits of Libel Claim

At any rate, Plaintiff has not produced evidence establishing that Defendant wrote false or defamatory information about Plaintiff. Plaintiff bases his libel claim solely on the following statement: "[Plaintiff] lost his section VIII housing for

punching someone which he says he didn't do." SAC ¶ 1. That statement is not false, and it is not defamatory.

As to falsity, in Plaintiff's Response, he concedes that the statement, or portions of it, are true. Resp. at 2. Plaintiff states that at one point, he *did* lose his Section VIII housing *voucher* and that he filed a lawsuit about that. Resp. at 8. Further, Defendant produces evidence that, in that lawsuit, Plaintiff acknowledged being the suspect of an assault, which eventually caused the Section VIII voucher to be terminated. *See* Def.'s Request for Judicial Notice, Ex. 3, at 5. A statement must be both defamatory *and* false to be actionable. *Fowler v. Donnelly*, 225 Or. 287, 292, 358 P.2d 485 (1960). Plaintiff, the non-moving party, has not established through probative evidence that a genuine issue of fact exists for trial. *Celotex*, 477 U.S. at 323.

Next, to be considered defamatory, it must subject a plaintiff to "hatred, contempt, or ridicule * * * [or] tend to diminish the esteem, respect, goodwill or confidence in which [plaintiff] is held or to excite adverse, derogatory, or unpleasant feelings or opinions against [him]." Farnsworth, 266 Or. at 238 (internal quotation marks omitted). The statement does not say that Plaintiff punched someone, nor does it suggest that Defendant would have any information about an assault. The statement only mentions that a third party accused Plaintiff of punching someone and he denied this. In sum, the statement at issue is neither false nor defamatory, and cannot be the basis for a libel action. For that reason, Plaintiff's claim for libel fails as a matter of law and Defendant is entitled to summary judgment.

IV. **HIPAA Violation**

Page 6 – OPINION AND ORDER

To the extent Plaintiff asserts claims related to HIPAA, such as a violation of 45 CFR § 164.526, those claims fail as a matter of law because there is no private right of action for violations of HIPAA. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007). Any private claim for violation of HIPAA fails as a matter of law. Summary judgment is granted to Plaintiff's purported HIPAA (and HIPAA-related claim under 45 CFR § 164.526).

## CONCLUSION

For the reasons explained, Defendant's Motion for Summary Judgment, ECF No. 25 is GRANTED. Plaintiff's Motion to Compel Discovery, ECF No. 33, is DENIED. The case DISMISSED and the Clerk is Directed to Close the case. Judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this  13th   day of March 2024.


        /s/Ann Aiken

Ann Aiken
United States District Judge

Page 7 – OPINION AND ORDER